UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM E. KIRKLAND,             Case No. 1:11-cv-048
   Plaintiff                                            Litkovitz, M.J.

vs

PATRICK DONAHOE,
POSTMASTER GENERAL
UNITED STATES POSTAL SERVICE,         ORDER
   Defendant

     Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, alleging that the defendant, Patrick Donahoe, Postmaster General of the United States Postal Service, wrongfully retaliated against him.[1] (Doc. 3). As best the Court can discern, plaintiff, proceeding pro se, alleges that the defendant wrongfully retaliated against him for engaging in protected activities when he was suspended for fourteen days from work as a mail handler for the United States Postal Service and when he had not been able to receive his "official mail" at his place of employment.[2] (Doc. 3, p. 2). Plaintiff seeks injunctive and compensatory relief, lost wages with interest, costs and attorney's fees. *Id.* at 3. Plaintiff is proceeding *in forma pauperis* due to his claims of poverty. (Docs. 1, 2).

     This matter is before the Court on defendant's motion to dismiss (Doc. 20), plaintiff's memoranda in opposition (Docs. 32, 35), and defendant's reply memorandum (Doc. 36). For the reasons that follow, plaintiff's complaint must be dismissed.

---

[1] While the initial complaint further includes claims of race and sex discrimination, plaintiff has indicated that he no longer seeks to pursue these claims. *See* Docs. 32, 35.

[2] Although plaintiff suffered no lost wages as a result of his suspension, he alleges he forfeited the right to earn overtime pay and benefits.

## I. Standard of Law

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, (1974). *See also Erickson v. Pardus,* 551 U.S. 89, 93 (2007); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007).

To survive a Rule 12(b)(6) motion to dismiss, plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly,* 550 U.S. at 556). Furthermore, the plaintiff must provide in the claim "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly,* 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

## II. Analysis

Defendant asserts that plaintiff was untruthful in his affidavit to proceed *in forma pauperis* and, consequently, his lawsuit must be dismissed pursuant to 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) provides, in relevant part, "notwithstanding any filing fee, or any portion

2

thereof, that may have been paid, the court *shall* dismiss the case at any time if the court determines that the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A) (emphasis added). Where the Court determines that a plaintiff's allegations of poverty are untrue, dismissal is compulsory. *See Redd v. Redmon*, No. 99-6001, 2000 WL 658291, at *1 (6th Cir. 2000) (the statute "requires the district court to dismiss the case if the court determines that the allegation of poverty is untrue."). *See also Castillo v. Blanco*, 330 F. App'x 463, 466 (5th Cir. 2009); *In re Sekendur*, 144 F. App'x 553, 554–55 (7th Cir. 2005); *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002); *Staten v. Tekelec*, Nos. 5:09–CV–434–FL, 5:10–CV–180–FL, 2011 WL 2358221, at *1 (E.D.N.C. June 9, 2011); *Berry v. Locke*, No. 1:08cv697, 2009 WL 1587315, at *5 (E.D. Va. June 5, 2009), *appeal dismissed*, 357 F. App'x 513 (4th Cir. 2009); *Oquendo v. Geren*, 594 F. Supp.2d 9, 11 (D.D.C. 2009).

In his *in forma pauperis* affidavit, plaintiff indicated that he was employed as a mail handler, had a monthly income of $2,400, had no dependants, and was divorced. (Doc. 1, p. 2). Furthermore, plaintiff affirmed he did not have "any cash on hand, or money in a checking, saving or other account." *Id.*

Defendant contends that plaintiff under-reported his income and failed to disclose sums on deposit in three accounts including a checking account, savings account, and thrift savings account.[3] In support of his motion to dismiss, defendant has submitted plaintiff's pay stubs for the two pay periods immediately preceding the filing of plaintiff's motion to proceed *in forma pauperis*. (Doc. 24). Defendant has produced evidence showing that plaintiff earns an annual

---

[3] The Court may consider evidence of a plaintiff's financial status when examining the truthfulness of an application to proceed *in forma pauperis*. *See, e.g., Speiser v. US Bank,* No. 3:10-cv-98, 2011 WL 42232, at *4-5 (E.D. Tenn. Jan. 6, 2011).

salary in excess of $50,000.00, which results in monthly income substantially in excess of the $2,400.00 per month plaintiff claimed in his affidavit of poverty. Defendant's evidence demonstrates that plaintiff was paid $3,214.32 on January 7, 2011 and $2,077.63 on January 21, 2011; thus, plaintiff received $5,291.95 in gross earnings in the two and a half week prior to filing his affidavit of indigency on January 24, 2011. *Id.* at ¶6. This amount is almost $2,900.00 more than the monthly earnings amount reported by plaintiff in his affidavit. *See* Docs. 1, 24. The evidence submitted also indicates that on both January 7 and January 21, 2011, plaintiff made contributions to a savings account designated as an "allotment" in the amount of $750.00. (Doc. 24, ¶11). It also shows deposits were made on those dates to a thrift savings account in the amount of $15.91 and $20.04 respectively. *Id.* at ¶12.[4]

In his memoranda in opposition, plaintiff does not dispute defendant's evidence showing plaintiff earns in excess of $50,000.00 per year or that in the two pay periods just prior to the filing of his IFP affidavit (one of which was just three days prior) a deposit of $750.00 was made to a savings account in each pay period. Plaintiff concedes that money was deposited into these accounts in the weeks prior to filing his January 24, 2011 *in forma pauperis* affidavit. (Doc. 32). He also argues that any failure to report the deposits to the thrift savings account was an "unintentional oversight."[5] (Doc. 32, p. 8). Plaintiff also alleges that the funds in the checking

---

[4] After taxes and other deductions, $1,500.00 was contributed to a savings account designated as an "allotment," $35.95 was contributed to a thrift savings plan, and the remainder of $1750.86 was deposited into plaintiff's checking account. Based on these calculations alone, plaintiff's net income for January, 2011 was at least $800.00 more than the $2,400.00 claimed in his affidavit when submitting the motion to proceed *in forma pauperis*.

[5] Plaintiff asserts that the $20.04 deposit into the thrift savings account on January 21, 2011 was not from his employee wages but a U.S. Postal Service contribution and, therefore, he was not required to report the amount. (Doc. 32, p. 13). This argument is not persuasive. The plain language of the affidavit states, "Do you have any cash on hand or money in a savings, checking or other account?" (Doc. 1, p. 3, ¶V). This question does not imply that only money *earned* by the plaintiff is required to be reported. By accepting plaintiff's argument, this Court would impermissibly open the possibility for a wealthy individual to proceed *in forma pauperis* merely because all funds in

4

and savings accounts were withdrawn on the same days of the deposit. However, he fails to provide any evidence whatsoever supporting this assertion nor does he provide documentation establishing who withdrew the funds, when the funds were withdrawn, the purpose for the withdrawal, and whether the withdrawn funds remained as "cash on hand."[6]

Plaintiff also asserts he supplied an estimate of his bi-weekly net pay because he viewed the affidavit as a "general document" and not a "detailed document" as he had seen in the bankruptcy court. The suggestion that plaintiff somehow misunderstood the document is belied by the plain language of the form, *see Mullins v. Hallmark Data Sys., LLC*, 511 F. Supp.2d 928, 942 (N.D. Ill. 2007) ("The IFP form [ ] clearly and unambiguously asks questions in plain English on a form designed for use by non-lawyers."); *Bell v. Dobbs Int'l Serv.*, 6 F. Supp.2d 863, 865 (E.D. Mo. 1998) (same), and plaintiff's previous experience litigating in the federal courts. Plaintiff has filed eight actions in the Southern District of Ohio over the past 20 years, belying any suggestion that he is a novice to the federal court system. *See Kirkland v. Houston*, 1:91-cv-00107 (S.D. Ohio); *Kirkland v. Runyon*, 1:93-cv-00353 (S.D. Ohio); *Kirkland v. Hohensatt*, 1:95-cv-00889 (S.D. Ohio); *Kirkland v. Runyon*, 1:95-cv-01009 (S.D. Ohio); *Kirkland v. Hamilton Co. Bd. Of El.*, 1:97-mc-00137 (S.D. Ohio); *Kirkland v. Luken*, 1:02-cv-00364 (S.D. Ohio); *Kirkland v. Potter*, 1:03-cv-00373 (S.D. Ohio); *Kirkland v. Postal Service*, 1:04-cv-00038 (S.D. Ohio). Accordingly, his claim that he misunderstood the IFP form is not credible. *See Justice v. Granville County Bd. of Educ.*, Nos. 5:10-CV-539-BR, 5:11-CV-99-BR, 5:11-CV-400-BR, 5:11-CV-706-BR, 2012 WL 1801949, at *3 (E.D. N.C.

---

his accounts or possession were gifts rather than earned wages.

[6] Even if the court assumes the funds were expended, because plaintiff does not provide documentation proving so and does not deny receiving funds from his employer, defendant's evidence is considered unrefuted and is substantial enough to show plaintiff's allegations of poverty are untrue. *See Speiser*, 2011 WL 42232, at *5.

May 17, 2012). Although plaintiff asserts he had no intent to defraud or mislead the Court with his affidavit, he has failed to address the misrepresentations noted above in any meaningful or compelling way.

Here, plaintiff has failed to rebut defendant's evidence that the financial information plaintiff provided in his *in forma pauperis* motion was untrue. Rather, relying on *Thompson v. Carlson*, 705 F.2d 868 (6th Cir. 1983), plaintiff argues that dismissal of his complaint is inappropriate because he did not intend to misrepresent his financial situation. In *Thompson*, the Sixth Circuit affirmed the district court's dismissal of a complaint, finding that the "plaintiff had *intentionally* misinterpreted his financial status in the affidavit to support his request for pauper status." *Id.* at 869 (emphasis added). Plaintiff asserts that any misrepresentation in his affidavit regarding his financial status was an oversight and not "intentional." Plaintiff contends that the proper remedy under *Thompson* is not to dismiss his lawsuit but, rather, to now require him to pay the filing fee. Plaintiff's argument is not well-taken.

*Thompson* was decided in 1983, when the pertinent portion of the *in forma pauperis* statute provided that the court "may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d) (1979), *amended by* 28 U.S.C. § 1915(e) (1996). However, the 1996 amendment to Section 1915 changed the standard for dismissal from the permissible "may dismiss" to a requirement that "the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). *See also Thomas v. General Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002) ("[b]ecause the allegation of poverty was false, the suit had to be dismissed; the judge had no choice."). Therefore, plaintiff's argument for payment of the filing fee in lieu of

6

dismissal under *Thompson* is unconvincing.

Proceeding *in forma pauperis* is a privilege and not a right. *See Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991). *See also Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998); *Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996). "[T]he court system depends upon the honesty and forthrightness of applicants to ensure that the privilege is not abused." *Chung v. Dushane*, No. 03 C 5955, 2003 WL 22902561, at *2 (N.D. Ill. Dec. 9, 2003), *aff'd sub nom.*, *Chung v. KPMG LLP*, 104 F. App'x 576 (7th Cir. 2004). Although plaintiff emphasizes that he offered to pay the filing fee in three installments at the time he filed his IFP affidavit, his purported willingness to pay the filing fee in installments does not negate the fact that he under reported his income and assets on his IFP affidavit. It does not obviate the Court's duty to ensure that the privilege of proceeding IFP is not abused by applicants who misrepresent their financial status.

Here, plaintiff has failed to rebut the defendant's factual showing that his allegation of poverty is untrue. Consequently, this action must be dismissed pursuant to the mandatory language of 28 U.S.C § 1915(e)(2)(A). In light of this finding, the undersigned declines to reach the merits of plaintiff's claims including the defendant's arguments with respect to the sufficiency of plaintiff's factual allegations.

**IT IS HEREBY ORDERED THAT** that defendant's motion to dismiss is **GRANTED** and that plaintiff's case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(A).

Date: 6/20/2012

Karen L. Litkovitz
United States Magistrate Judge

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☑ Agent ☐ Addressee<br>B. Received by (Printed Name) \| C. Date of Delivery |
| 1. Article Addressed to:<br><br>William Kirkland<br>3450 McHenry Ave #2<br>Cinti, OH 45225 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8389 9074 |

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540